MOISE, Justice
(dissenting).
The question for decision in all cases must be answered by each judge according to the structure of his mind, according *639 to his experience, according to his habit of thought and according to his intelligence, his prejudices and his genius.
It is the law relating to physician or surgeon that when they receive a patient for treatment, they do not guarantee a cure, but they will render to their patient care and attention and use the approved methods provided for the profession in the place where treatment is given. This law relating to physicians remains unimpeached, hut in the instant suit the pleadings show that this is not a case where there is drawn the question of diagnosis nor the matter of treatment nor an operation by a physician or surgeon. It is decidedly not one of malpractice. No such charge is intimated nor made. There is no averment that the treatment or operation was unprofessional. The theory of the plaintiff’s case is that in submitting herself for treatment by the physicians, there was used a modern device —laryngoscope—and in the use there was a failure in the necessary care to prevent the knocking out of a tooth in her mouth which found lodgment in her lung and there remained until removed. The occurrence of this untoward act produced a positive injury to plaintiff.
The physician here was in a better position to know the real cause of the accident. The unusual accident and the involved cir-1 cumstances make the case come under the rule of evidence of res ipsa loquitur because at the time of the injury, the plaintiff was unconscious and under the influence of an anesthetic. Therefore, the injury sustained was provoked through no fault of hers, and, under the attending circumstances, the highest professional skill should have been exercised because duties are to be gauged according to the circumstances and conditions under which the physician is called on to act. Here, care and skill are indissoluble.
A study of a composite list of authorities in other jurisdictions discloses that the professional man — although skillful — who leaves a danger unguarded in a continuous chain of treatment, and if in such instance there is an omission which results in injury to the patient, the rule of evidence of res ipsa loquitur is to the effect that the physician must show a lack of negligence on his part. In my opinion, this requirement was not met.
I respectfully dissent.